Dye, J. (dissenting).
This appeal presents one of the most serious problems of modern times, namely, “carnage on the highway ”. It is here as of right so that we may consider the propriety of a judgment in plaintiff’s favor for damages sustained when his automobile was rammed in the rear by an automobile driven by the defendant.
The accident happened at nighttime on the Niagara Extension of the New York State Thruway. Such extension is a high-speed, limited access highway divided down the middle into three lanes on either side, each 12 feet wide, with a graded shoulder approximately 10 feet in width at either edge with a metal strip and post guardrail at the extreme outside. The highway is straight and level and is lighted by overhead lights set at periodic intervals. It has a posted speed of 50 miles per hour. At the time in question it was clear and dry.
The plaintiff at the time in question was familiar with the highway, for he used it frequently. When he stopped his automobile on the travelled portion without warning to other users, he did so well knowing that it was in violation of section 1201 of the Vehicle and Traffic Law, and its accompanying regulations forbidding the stopping of any vehicle 11 upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway”. He was also familar with the large signs posted at frequent intervals, bearing the easily read legend “paek disabled vehicles oh shouldeb ’ ’, which, at the place of the accident, was easily accessible and of sufficient width; in fact, he had stopped his vehicle within 26 feet of such a sign. The plaintiff justifies such forbidden conduct in his misplaced reliance on the exception contained in subdivision (b) of section 1201, which permits the stopping of disabled vehicles on the travelled portion of the highway whenever “ it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position ”, which, the statutory revisers noted, makes it clear that “ To bring a vehicle within the scope of the exception the disablement must be complete” (Report of N. Y. State Joint Legis. Comm. on Motor Vehicle Problems [N. Y. Legis. Doc., 1954, No. 36], p. 101). Here the proof demonstrates no such disablement. According to the plaintiff himself, he heard ‘1 a real loud bang underneath the car * * * and [he] just stopped ’ ’ in the right-hand travelled lane to ascertain the cause of the noise. Then, and at *972 all subsequent times, the plaintiff’s vehicle was fully operative and, in fact, was driven off the Thruway under its own power.
It was while the plaintiff’s vehicle was so stopped and blocking the travelled part of the highway that defendant—also traveling south at a permitted speed in the same right-hand lane—: collided with it. The defendant was unable to avoid the collision because another automobile was occupying the passing lane at the time. Defendant was pocketed and, despite his efforts to stop, was unable to do so in time to avoid a collision. For such failure he has been held in negligence. Such negligence, however, was not the sole competent producing cause but, as we see it, causation was materially contributed to by the plaintiff’s culpable behavior under all of the surrounding circumstances.
The emergency contemplated by the statutory exception is not one depending upon the mental process of a participant, but one created by circumstances which make it impossible to reach the safe haven of the graded shoulder which was provided expressly for that purpose. It was the plaintiff’s own voluntary, unwarranted stopping of his vehicle in such a manner as to block the travelled lane that set up the circumstances leading to the tragic result. The hazard he thus thoughtlessly created contributed to the happening and should bar any recovery by him, as a matter of law.
The high-speed, limited access highway system designed and maintained by the State of New York is carefully engineered to provide the utmost safety for thousands of users, so that when traveling at authorized speeds they may proceed with the assurance that the main travelled portions will be free of obstructions and, in particular, the obstructions of a stopped or parked vehicle. Highway safety is a matter of universal concern to all users' of high-speed highways. But highway construction in accordance with modern engineering standards is not enough. The users of our modern marvels of engineering, both highway and vehicular, must share the demands of safety by observing the reasonable rules governing such use. Disregard of the efforts and means being taken to improve and insure highway safety by careless "and heedless operators of motor cars should not be tolerated.
The order appealed from should be reversed and the complaint dismissed, with costs.
Order affirmed.